1

2

3

4

5

6                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
7                                          AT SEATTLE

8    FINANCIAL PACIFIC LEASING INC.,

9                           Plaintiff,                Case No. C21-0756-LK

10          v.                                        ORDER ON MOTION TO STAY
                                                      DISCOVERY, OR, IN THE
11   RVI AMERICA INSURANCE CO.,                       ALTERNATIVE, FOR PROTECTIVE
                                                      ORDER
12                          Defendant.

13

14                  I.      BACKGROUND

15          This is an insurance coverage action brought by Plaintiff Financial Pacific Leasing, Inc.

16   against Defendant RVI America Insurance Company for breach of contract, declaratory

17   judgment, breach of Defendant's duties of good faith and fair dealing, violations of

18   Washington's Consumer Protection Act, RCW 19.86.020, and violations of the Washington

19   Insurance Fair Conduct Act, RCW 48.30.015.  *See* Dkt. 14 ¶¶ 48–66.  On August 23, 2021,

20   Defendant moved to dismiss the lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6).

21   *See* Dkt. 23.

22          Subsequently, on November 8, 2021, Plaintiff served Defendant with its First Set of

23   Interrogatories and Requests for Production.  *See* Dkt. 37-1.  On December 6, 2021, Defendant's

ORDER ON MOTION TO STAY DISCOVERY,
OR, IN THE ALTERNATIVE, FOR PROTECTIVE
ORDER - 1

counsel conferred with Plaintiff's counsel regarding a stay of discovery pending resolution of

Defendant's Motion to Dismiss, but the parties were unable to reach an agreement.  Dkt. 37

¶¶ 3–4.  Defendant's counsel then informed Plaintiff's counsel that Defendant would be

objecting to Plaintiff's discovery requests as impermissible and would file a motion to stay

discovery, or, alternatively, for a protective order under Federal Rule of Civil Procedure 26(c).

*Id.*

On December 8, 2021, Defendant filed the present Motion to Stay Discovery, or, in the

Alternative, for Protective Order.  Dkt. 36.  Plaintiff opposes Defendant's Motion.  *See* Dkt. 40.

Subsequently, on March 31, 2022, the Court issued a Report and Recommendation which

recommends denying Defendant's Motion to Dismiss.  Dkt. 43.

II.      DISCUSSION

A.      Stay of Discovery

Defendant moves the Court to enter a blanket stay of discovery pending resolution of

Defendant's Motion to Dismiss.  Dkt. 36 at 6–8.

Under Federal Rule of Civil Procedure 26(c), district courts have discretion to limit

discovery "for good cause . . . to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1); *Wood v. McEwen*, 644

F.2d 797, 801 (9th Cir. 1981); *Schreib v. Am. Family Mut. Ins. Co.*, 304 F.R.D. 282, 284 (W.D.

Wash. 2014).  "Although a court may relieve a party from the burdens of discovery while a

dispositive motion is pending, this is the exception and not the rule."  *White v. Skagit Bonded*

*Collectors, LLC*, No. C21-0697-LK, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022)

(citations omitted).  Indeed, a pending motion to dismiss is generally not grounds for staying

discovery.  *See Old Republic Title, Ltd. v. Kelley*, No. C10-0038-JLR, 2010 WL 4053371, at *4

1  (W.D. Wash. Oct. 13, 2010) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal.

2  1990)).  "Had the Federal Rules contemplated that a motion to dismiss under Fed[eral] R[ule of]

3  Civ[il] P[rocedure] 12(b)(6) would stay discovery, the Rules would contain a provision to that

4  effect."  *Id.* (quoting Gray, 133 F.R.D. at 40).  "[S]peculation does not satisfy Rule 26(c)'s good

5  cause requirement."  *Rosario v. Starbucks Corp.*, No. C16-1951-RAJ, 2017 WL 4122569, at *1

6  (W.D. Wash. Sept. 18, 2017) (finding defendant's belief that its motion to dismiss would be

7  granted insufficient to warrant staying discovery) (citation omitted).  However, a court may "stay

8  discovery when it is convinced that the plaintiff will be unable to state a claim for relief."

9  *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (citation omitted).

10         Defendant argues that staying discovery pending resolution of its Motion to Dismiss is

11  warranted because (1) the Motion involves only questions of law for the Court to decide; (2)

12  staying discovery will promote efficiency; and (3) Plaintiff will not be prejudiced by a stay of

13  discovery because the Motion can be decided as a matter of law without discovery, Plaintiff did

14  not need discovery to oppose the Motion, and Defendant has taken steps to preserve relevant

15  documents and information.  Dkt. 36 at 7–8.

16         The success of Defendant's first two arguments necessitate finding that its Motion to

17  Dismiss will be granted.  But because "speculation does not satisfy Rule 26(c)'s good cause

18  requirement[,]" this is insufficient to justify granting a stay.  *Rosario*, 2017 WL 4122569, at *1

19  (citation omitted); *see also Old Republic Title, Ltd.*, 2010 WL 4053371, at *4 (finding the

20  defendant had not met its burden to show good cause for a stay by pointing to its pending motion

21  to dismiss).   Indeed, the undersigned recommends denying Defendant's Motion to Dismiss,

22  believing both that Plaintiff has successfully stated a claim for relief and that, because the Policy

23  is ambiguous, extrinsic evidence is relevant to ascertaining its meaning.  *See* Dkt. 43.  If the

ORDER ON MOTION TO STAY DISCOVERY,
OR, IN THE ALTERNATIVE, FOR PROTECTIVE
ORDER - 3

District Judge adopts the undersigned's recommendation, a delay in discovery will have unnecessarily impeded the parties' ability to obtain any extrinsic evidence deemed necessary to progress this litigation.

Defendant's arguments regarding lack of prejudice to Plaintiff are likewise unpersuasive, as they similarly improperly rely on the assumption that the Motion to Dismiss will be granted. If the District Judge adopts the Report and Recommendation and allows Plaintiff's lawsuit to proceed, the parties will need to engage in discovery to facilitate resolution of this matter. Plaintiff's ability to respond to Defendant's Motion without discovery therefore does not justify granting a blanket stay of discovery, nor does Defendant's commitment to preserving relevant documents and information throughout a stay. Defendant's Motion to Stay Discovery is DENIED.

B.     Protective Order

Defendant, in the alternative, moves to Court to enter a protective order under Rule 26(c) with respect to Plaintiff's specific interrogatories and requests for production. Dkt. 36 at 8–9.

Litigants have a right to discover from their adversary "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering," among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). For purposes of discovery, relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." *Schreib*, 304 F.R.D. at 284 (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). The Court may limit discovery through a protective order where the party resisting discovery can show "good cause" that the order is needed to prevent "annoyance, embarrassment, oppression, or undue burden or

expense." Fed. R. Civ. P. 26(c)(1); *see also Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (noting that the movant for a protective order "has the burden of clarifying, explaining, and supporting its objections with competent evidence") (quotation marks omitted).  To establish "good cause," a party must "present a factual showing of a particular and specific need for the protective order." *Pulphus v. Compass Health*, No. C21-0930-TL-BAT, 2022 WL 474081, at *3 (W.D. Wash. Feb. 16, 2022) (citations omitted).

A party seeking a protective order carries a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  "District courts are vested with broad discretion in determining whether a protective order is appropriate and, if so, what degree of protection is warranted." *Schreib*, 304 F.R.D. at 284 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Defendant argues the Court should enter a protective order relative to Plaintiff's specific discovery requests because Plaintiff's interrogatories and requests for production seek documents and information that are (1) "wholly irrelevant" to Plaintiff's breach of contract and illusory coverage claims, as the Court must decide those claims as a matter of law; (2) impermissible to show ambiguity or that coverage is illusory; (3) not necessary for the Court to resolve Defendant's Motion; and (4) not reasonably calculated to lead to the discovery of relevant evidence.  Dkt. 36 at 8–9.

Defendant's arguments fail for the same reasons that its arguments in favor of staying discovery fail.  The Court, having found that the Policy is ambiguous, likewise finds that extrinsic evidence is relevant to the resolution of this case and will not enter a blanket protective order precluding Plaintiff from accessing such evidence.  Moreover, Defendant has made no showing suggesting Plaintiff's discovery requests annoy, embarrass, oppress, or impose an undue

ORDER ON MOTION TO STAY DISCOVERY,
OR, IN THE ALTERNATIVE, FOR PROTECTIVE
ORDER - 5

burden or expense on it.  Defendant has therefore failed to meet Rule 26(c)'s good cause

standard.  Defendant's Motion for Protective Order is DENIED.  If Defendant continues to

object to Plaintiff's discovery requests, the parties should meet and confer accordingly.

III.      <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Stay Discovery, or, in the Alternative,

for Protective Order, Dkt. 36, is DENIED.  The Clerk is directed to send copies of this order to

the parties and to the Honorable Lauren King.

Dated this 9th day of September, 2022.


_____
S. KATE VAUGHAN
United States Magistrate Judge

ORDER ON MOTION TO STAY DISCOVERY,
OR, IN THE ALTERNATIVE, FOR PROTECTIVE
ORDER - 6